[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 12.]

CUYAHOGA COUNTY BAR ASSOCIATION *v.* BELKIN.

[Cite as *Cuyahoga Cty. Bar Assn. v. Belkin*, 2001-Ohio-136.]

*Attorneys at law—Misconduct—Eighteen-month suspension with entire suspension stayed on conditions—Neglect of an entrusted legal matter—Failing to carry out contract of employment—Failing to promptly pay or deliver to client funds that client is entitled to receive.*

(No. 00-1867—Submitted January 10, 2001—Decided May 30, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 98-88.

_____

*Per Curiam.*

{¶ 1} On October 13, 1998, relator, Cuyahoga County Bar Association, filed a complaint, later amended to include four counts, charging respondent, Alan Belkin of Cleveland, Ohio, Attorney Registration No. 0011542, with violating several Disciplinary Rules. Respondent answered, and the matter was referred for hearing to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court.

{¶ 2} Based on stipulations and testimony received at the hearing, the panel found that in July 1996, Mr. and Mrs. Lonnie Clinkscale retained respondent and paid him a $1,500 retainer to pursue a breach-of-contract action in California. Respondent failed to provide the Clinkscales with a retainer agreement and did not respond to their inquiries about his work until September 1996, when he reported only that he had contacted opposing counsel in California. He also failed to return the full retainer as promised. The panel concluded that respondent's failure to act violated DR 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), 7-101(A)(2) (a lawyer shall not fail to carry out a contract of employment), and 9-

102(B)(4) (a lawyer shall not fail to promptly pay or deliver to the client funds that the client is entitled to receive).

{¶ 3} The panel also found that in June 1997, Dwayne Lacey retained respondent and agreed to pay him $1,000 as a nonrefundable retainer against a contingency fee to pursue a discrimination claim and to appeal an adverse unemployment compensation decision. Respondent filed the discrimination case and, after reviewing the record of the unemployment compensation proceedings, filed an appeal and a brief on behalf of Lacey. Respondent also arranged for the union to employ Lacey to perform investigative work for $500.

{¶ 4} In October 1997, without informing respondent, Lacey filed a Chapter 13 bankruptcy proceeding. Respondent discovered the bankruptcy filing in August 1998 when the common pleas judge stayed the unemployment appeal during the pendency of the bankruptcy proceeding. In February 1999, Lacey discharged respondent and requested that his records and retainer be returned. Respondent did not return the retainer and did not return Lacey's records until July 1999. The panel concluded that respondent's conduct in this matter violated DR 9-102(B)(4).

{¶ 5} In addition, the panel found that Julie Scholtes and Fay Kopis retained respondent to pursue claims under the Americans with Disabilities Act and each paid him a $1,000 nonrefundable retainer to be credited against a one-third contingency fee in each case. Respondent commenced the actions against the employer on their behalf and engaged in full discovery. In September 1999, after the court granted the employer's motion for summary judgment, respondent failed to advise Scholtes and Kopis about the ruling in time for them to appeal the decision. The panel concluded that with respect to this matter respondent violated DR 6-101(A)(3).

{¶ 6} The panel noted in mitigation that respondent had practiced employment discrimination law for over twenty-five years, that he returned the retainer to the Clinkscales, that Scholtes and Kopis were not materially harmed by

his actions, that he had suffered from depression for many years, and that he cooperated with relator in the investigation and demonstrated remorse for his conduct. The panel believed that respondent's misconduct was a result of a disorganized practice and noted that he appeared to have taken steps to correct this. The panel recommended that respondent be suspended from the practice of law for eighteen months, with all eighteen months stayed, during which time respondent would be on probation, with his office procedures monitored by one or more attorneys in good standing in Ohio. The panel further recommended that respondent be ordered to pay $1,000 to Lacey within thirty days of the entry of any sanction by this court. The panel recommended that if respondent does not make timely restitution to Lacey, or if during the probation period he violates a Disciplinary Rule or fails to cooperate with his monitor, the full suspension should then be imposed.

{¶ 7} The board adopted the findings, conclusions, and recommendation of the panel.

{¶ 8} We have reviewed the record and adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law in Ohio for eighteen months; however, the eighteen months suspension is stayed, and respondent shall be on probation with his office procedures monitored by one or more attorneys in good standing in Ohio, to be selected by relator. Further, respondent shall pay $1,000 to Lacey within thirty days from the entry of this order. If respondent does not make restitution to Lacey, violates a Disciplinary Rule, or fails to cooperate with his monitor, then the full suspension shall be imposed. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

————————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 9} I believe that disorganization is an insufficient excuse in mitigation. Nor has the respondent adequately explained how his life-long depression, which was allegedly being treated, contributed to this neglect. I would also disagree that Scholtes and Kopis were not materially harmed; they lost their right to appeal an adverse ruling. Therefore, I would find that the seriousness of the respondent's conduct warrants that he be suspended from the practice of law for eighteen months, with twelve months stayed, during which he would be subject to probation and monitoring by one or more attorneys in good standing. Thus, I respectfully dissent.

————————————

*Margaret E. Stanard, Harry J. Jacob III* and *Robert I. Chernett,* for relator.

*Alan Belkin*, *pro se*.

————————————